■ In the Matter of HERBERT D. ROISTACHER, Respondent, v. THOMAS F. McCoy, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 6, 1971 in New York County, which granted petitioner's application in a proceeding under CPLR article 78, annulling a determination of the Administrative Board of the Judicial Conference classifying petitioner as Court Clerk II, and directing that petitioner be reclassified as Court Clerk III. On previous appeal, we reversed and submitted the proceeding to Special Term for an evidentiary hearing (35 A D 2d 644). Since petitioner was re-evaluated to Court Clerk III on July 21, 1971, the issue here is whether the State Administrator, in refusing to upgrade respondent in position title from Court Clerk II to Court Clerk III, acted in an arbitrary, capricious and unreasonable manner so that respondent is entitled to back pay from July 1, 1966. Appellant determined that the distinction between Court Clerk II and Court Clerk III could be largely determined by the number of subordinate employees and the volume of work (see *Matter of Hershfield* v. *McCoy*, 37 A D 2d 660). From the testimony taken at the hearings, it appears that the number of persons supervised was the primary basis employed in classifying respondent, and that those classified as Court Clerk III supervised as a minimum more than four times as many employees as did respondent. This was a valid basis. Thus, respondent's classification as Court Clerk II was not arbitrary and capricious. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.

■ In the Matter of ALBERT D. DAYE, Respondent, v. THOMAS F. McCoy, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered July 8, 1971 in Queens County, in a proceeding under CPLR article 78, which annulled respondent's evaluation as Court Clerk II, and directed appellant to re-evaluate him as Court Clerk IV, retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department, pursuant to CPLR 5711.

Respondent was reclassified by the Administrative Board of the Judicial Conference under the "Classification Plan—Unified Court System—New York City" as a Court Clerk II effective July 1, 1966. As clerk in charge of the Central Jury Part of Queens County, he had been previously titled Special Deputy Clerk. From an analysis and comparison of respondent's in-title duties with the title specifications for Court Clerk II and Court Clerk III, as developed by the record, we find that a classification of Court Clerk III is clearly mandated. In addition to the services performed by respondent which come within the scope of the specifications of Court Clerk III, his functions also constituted supervision of the "empanelling of jurors for an entire judicial district where volume of litigation is unusually great". This is the one objective measure in the job specifications for Court Clerk III. (*Matter of Hershfield* v. *McCoy,* 37 A D 2d 660, 661.) Appellant in classifying respondent Court Clerk II reasoned that although the jobs were very similar in nature, he supervised only five employees, while the Central Jury Clerks of New York, Kings and Bronx Counties were assigned Court Clerk III because they, in turn, supervised 21, 11 and 8 employees, respectively. While numerical supervision is an important factor in job classification (*Matter of Byrne* v. *McCoy,* 29 N Y 2d 440), in the instant case the number of employees supervised does not provide a sufficient basis on which to deny Court Clerk III classification. The statistics submitted at the hearing held by Special Term established that Queens County is an exceptionally large county with an unusually large volume of litigation. (N. Y. Legis. Doc., 1967, No. 90, 12th Annual Report of the Jud. Conf., Tables 9, 11, 12, 29.) Appellant's determination was without a rational basis and, therefore, arbitrary and capricious. Judgment reversed, on the law and the facts, and petition granted to the extent that appellant is directed to reclassify respondent as a Court Clerk III retroactive to July 1, 1966, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.